(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF THOMAS J. KENNEDY.

Appeal from Civil District Court, Division "C."

P. F. Hennessey, for Appellant.

N. E. Humphrey, for Appellee.

1. Where an attorney, acting in good faith under instructions of his client, purchases in his own name certain litigious rights adverse to such client, and his action is subsequently repudiated by the latter, the attorney cannot be compelled to comply with the adjudication.

2. So far from urging his own turpitude, such attorney is invoking the assistance of the Court to avoid the commission of a wrong by violating the provisions of a prohibitory law.

3. The question is not one of dollars and cents merely, but of professional honor and reputation.

4. A Court may prevent the consummation of an act which it would refuse to sanction, if consummated, and the doctrine of personal liability of an agent for failure to disclose his principal must yield to the imperative dictates of a rule of public policy and public order.

DUFOUR, J. The United States Government expropriated property, and the award placed in the registry of the United States Court to await the determination of the conflicting claims of David Jackson and others, on the one hand, and of Kennedy, on the other, respectively claiming the ownership of the property expropriated.

Kennedy died, and at a succession sale his right, title and interest in the suit and the fund were adjudicated to Hennessey, the attorney of the Jacksons, who gave his own name as purchaser.

This proceeding seeks to compel him to comply with the adjudication, and he answers that he bought for his clients, who

originally authorized, though they now repudiate the sale, and that he cannot personally be held, because, as an attorney, he is absolutely prohibited from purchasing a litigious right.

It is urged by the plaintiff in rule that such a defence cannot be heeded, because one will not be heard to allege his own turpitude.

Such is not the case here; so far from being guilty of an act of turpitude, Hennessey acted in good faith and on the belief that his clients would ratify this act.

So far from alleging his own turpitude, he is seeking the assistance of the Court to prevent him from committing a wrong and violating the prohibition of the law.

The issue is not merely one of dollars and cents, but of professional honor and reputation.

The effect of an enforcement of the sale would be to place the attorney in a position of hostility to his client's interest.

We find no case like this in our reports; all the decisions refer to cases where a sale has been consummated and the attorney sued to assert his purchased litigious rights.

We see no reason why a Court may not prevent the commission of an offence, as well as refuse to give it validity after commission.

The principle is the same.

The law (Art. 2447, C. C.) prohibits and declares null any purchase by an attorney of a litigious right.

If we order Hennessey to comply with the bid, we shall be ordering him to violate the law; this, we may not do, whatever may be the resulting hardship to those who seek to enforce the adjudication, and even though Hennessey did not at the sale disclose his principal.

The judgment on the rule is reversed, and mover's demand is rejected at his cost in both courts.